UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

GUISHAN, INC. d/b/a MISTER SOFTEE and
MISTER SOFTEE,

        Plaintiffs,

        – against –

SADI AHMET ARICI d/b/a MISTER SOFT-T
et al.,

        Defendants.

----------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION,
AND MODIFYING ORDER
PURSUANT TO
FED. R. CIV. P. 60(b)**
07-CV-4074 (JFB)(ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 29 2008 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Plaintiffs Guishan, Inc. d/b/a Mister Softee and Mister Softee, Inc. ("plaintiffs") filed the complaint in this action on September 28, 2007, against defendants Mamdour H. Nasr, William P Doorley, Saturn Oil Distribution Corp., Ioannis Vrouvakis, D. Markantonatos, Vasil Konstantakakos, Gus Anthony Toufus, 23 Street Enterprises, Inc., Softy Boys, Inc., D Z T Co., Inc., Fraggles Frosty, Inc., DT Softee, Inc., Nia Demo, Inc., Roc 1219 Corp., Super Softee Express Corp., Alenjo, Inc., Jean Boutin, Donald P. Ferguson, Sadi Ahmet Aici, Tarkan Gundogdu, Leonildes Javier, and Roman Hernandez (collectively, "defendants"), alleging trademark and trade dress infringement. Defendants Alenjo, Inc., Jean Boutin, and Donald P. Ferguson were terminated as defendants in this action on February 12, 2008, and Sadi Ahmet Arici, Tarkan Gundogdu, Leonildes Javier, and Roman Hernandez were voluntarily dismissed by plantiffs from this action on June 13, 2008. A default judgment was granted on March 5, 2008 as to defendants Mamdour H. Nasr, William P. Doorley, Saturn Oil Distribution Corp., Ioannis Vrouvakis, D. Markantonatos, Vasil Konstanakakos, Gus Anthony Toufus, 23 Street Enterprises, Inc., Softy Boys, Inc., D Z T Co., Inc., Fraggles Frosty, Inc.,

DT Softee, Inc., and Roc 1219 Corp. A default judgment was granted against defendant Nia Demo, Inc. on March 11, 2008, and against Super Softee Express Corp. on June 18, 2008. In the aforementioned orders granting default judgments in favor of plaintiffs (against collectively, the "defaulting defendants"), the undersigned referred this matter to Magistrate Judge E. Thomas Boyle for a Recommendation and Report to address the issue of damages.

On September 3, 2008, Magistrate Judge Boyle issued a Report and Recommendation (the "R&R") recommending that the Court award plaintiffs attorney's fees and costs, in connection with these default judgments, in the amount of $38,663.00. (*See* Report and Recommendation dated September 3, 2008, at 2.) The R&R further instructed that any objections to the R&R be submitted within ten (10) days of the date of the R&R. (*See* Report and Recommendation dated September 3, 2008, at 6.)

On September 12, 2008, plaintiffs filed a letter, requesting that Magistrate Judge Boyle revise the R&R, based on investigator's fees that plaintiffs claim to have previously under-reported by mistake. Specifically, plaintiffs claimed that the cost of investigator's fees was actually $8,400 instead of $450, and requested that the amount of $8,400 be reflected in a revised R&R. On January 29, 2009, Magistrate Judge Boyle construed plaintiffs' request as a motion for reconsideration pursuant to Local Civil Rule 6.3 and denied plaintiffs' application. (*See* Order dated January 29, 2009, at 1.)

Thereafter, on February 12, 2009, plaintiffs timely filed an objection to the Magistrate Judge's ruling. Plaintiffs' objection is to that portion of the R&R recommending an award of investigator's fees of $450 instead of $8,400. Upon review of the R&R for clear error with respect to those portions for which no objections were filed, as well as *de novo* review of that portion of the R&R to which plaintiffs object, the Court HEREBY ADOPTS the well-reasoned R&R by Magistrate

Judge Boyle. Specifically, the Court agrees that there are no grounds presented for reconsideration of the R&R. Thus, the Court adopts the R&R, including the denial of plaintiffs' request for increased investigator's fees, in its entirety.

However, for the reasons set forth below, the Court further modifies such order adopting the R&R, pursuant to Federal Rules of Civil Procedure 60(b), to add the additional investigator's fees that counsel for the plaintiffs inadvertently omitted. Accordingly, the order adopting the R&R is modified to reflect the additional amount in investigator's fees. Thus, IT IS HEREBY ORDERED that the total amount of attorney's fees and costs in favor of plaintiffs against the defaulting defendants is $44,083.40, and the judgment amount against each defaulting defendant is as follows:

(1) $2,860.56 against Mamdour H. Nasr; (2) $2,860.56 against William P. Doorley; (3) $2,860.56 against Saturn Oil Distribution Corp.; (4) $2,860.56 against Ioannis Vrouvakis; (5) $2,860.56 against D. Markantonatos; (6) $2,860.56 against Vasil Konstantakakos; (7) $2,860.56 against Gus Anthony Toufus; (8) $2,900.56 against 23 Street Enterprises, Inc.; (9) $2,900.56 against Softy Boys, Inc.; (10) $2,900.56 against D Z T Co., Inc.; (11) $2,900.56 against Fraggles Frosty, Inc.; (12) $2,900.56 against DT Softee, Inc.; (13) $2,900.56 against Nia Demo, Inc.; (14) $2,900.56 against Roc 1219 Corp.; and (15) $3,755.56 against Super Softee Express Corp.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close the case.

### 1. Adoption of the Report and Recommendation

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y.

1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to those portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed.R.Civ.P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Here, the Court accepts the R&R's legal and factual bases with respect to the award of attorney's fees. Plaintiffs did not move for reconsideration of this part of the award and, in the absence of clear error, the Court hereby grants plaintiffs attorney's fees in the amount of $34,317.25, as allocated as follows: judgment against each of the fifteen (15) defaulting defendants in the amount of $2,287.82, and judgment against defendant Super Softee Express Corp. for an additional amount of $855.00, for a total judgment of attorney's fees against Super Softee Express Corp. in the amount of $3,142.82. (*See* Report and Recommendation, dated September 3, 2008, at 3-4.)

In addition, no objections have been made regarding the R&R's grant of reasonable out-of-pocket expenses other than the disputed amount of proper investigator's fees. Accordingly, after review for clear error, the Court also adopts the R&R's recommendation that plaintiffs be reimbursed for reasonable out-of-pocket expenses that are ordinarily charged to their clients, in the total amount of $3,490.70, which includes the $450 of investigator's fees that is undisputed. The amount of such expenses against each defaulting defendant is $86.38, plus the process server fees associated with each defaulting defendant, ranging from $125 to $165 per defendant. (*See* Order dated September

3, 2008, at 5.)

With respect to plaintiffs' request for an amended award of investigators' fees, the Court also agrees with Magistrate Judge Boyle's determination that no amendment should be made in this case. The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the court. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Local Civil Rule 6.3 provides that a party moving for reconsideration must "set [ ] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." In any event, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000); *see also Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, No. 97 Civ. 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 14, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

Plaintiffs have failed to show that Magistrate Judge Boyle, in issuing the R&R, overlooked any factual matters in the record or any controlling decisions. Accordingly, plaintiffs' motion for reconsideration is denied by the Court under its *de novo* review.

Thus, having conducted a review of the full record and the applicable law, and having reviewed those portions of the R&R to which there were no objections for clear error, as well as that portion for which objections were filed *de novo*, the Court adopts the findings and recommendations

contained in the R&R in their entirety and grants plaintiffs' counsel attorney's fees and costs in the amount of $38,663.00, as allocated amongst the defaulting defendants as follows: (1) $2,499.20 against Mamdour H. Nasr; (2) $2.499.20 against William P. Doorley; (3) $2.499.20 against Saturn Oil Distribution Corp.; (4) $2,499.20 against Ioannis Vrouvakis; (5) $2,499.20 against D. Markantonatos; (6) $,2,499.20 against Vasil Konstantakakos; (7) $2,499.20 against Gus Anthony Toufus; (8) $2,539.20 against 23 Street Enterprises, Inc.; (9) $2,539.20 against Softy Boys, Inc.; (10) $2,539.20 against D Z T Co., Inc.; (11) $2,539.20 against Fraggles Frosty, Inc.; (12) $2,539.20 against DT Softee, Inc.; (13) $2,539.20 against Nia Demo, Inc.; (14) $2,539.20 against Roc 1219 Corp.; and (15) $3,394.20 against Super Softee Express Corp.

## 2. Modification of Order Pursuant to Fed. R. Civ. P. 60(b)

In the alternative, plaintiffs move for relief under Rule 60(b)(1) to modify the R&R to include the additional investigator's fees. However, Rule 60(b) is only available for final judgments and orders and is thus not available for modification of a report and recommendation. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) ("By its own terms, Rule 60(b) applies only to judgments that are final."); *Alvarez v. Am. Airlines, Inc.*, No. 98 Civ. 1027, 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8, 2000) ("[T]he standard test . . . [is] whether the judgment is sufficiently 'final' to be appealed.") (internal quotation marks and citation omitted). The Court, however, construes plaintiffs' application as requesting relief from this Court's order adopting the R&R – and granting judgment accordingly – and analyzes the motion as requesting relief from such an order.

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from or modify an order in the event of mistake, inadvertence, excusable neglect, newly discovered

6

evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994). "For a Rule 60(b) motion to prevail, a three-part test must be met. First, there must be 'highly convincing' evidence supporting the motion. Second, the moving party must show good cause for failing to act sooner. Third, the moving party must show that granting the motion will not impose an undue hardship on the other party." *Hemric v. City of New York*, No. 96 Civ. 213 (DLC), 2001 WL 118561, at *4 (Feb. 13, 2001) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). It is within the Court's broad discretion to grant relief under Rule 60(b). *Id.* at 61. In exercising that discretion, the Second Circuit has instructed courts to balance the policy in favor of serving the ends of justice against the policy in favor of finality. *See id.*

Counsel's claim for relief due to his purportedly inadvertent omission is governed by Rule 60(b)(1). *See Nemaizer*, 793 F.2d at 62 ("Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."). Specifically, with respect to excusable neglect, "a court must take into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *Williams v. Cambridge Integrated Servs. Group*, 235 Fed. Appx. 870, 872 (3d Cir. May 30, 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

7

395 (1993).

Here, the Court determines that the relevant circumstances surrounding counsel for the plaintiffs' omission weighs in favor of relief under Rule 60(b)(1) and, in the exercise of its discretion, the Court finds that the equities favor modification of the Court's order adopting the R&R, specifically with respect to the investigator's fees. Counsel for the plaintiffs has submitted an affidavit to the Court, in which he attests that a miscommunication with his firm's billing personnel was the source of the mistake. (Aff. of Paul J. Cianci ¶ 6.) Counsel for the plaintiffs further attests that, as soon as he discovered the error, he sought documentation from the investigator and alerted the court on September 12, 2008 of the error. (Aff. of Paul J. Cianci ¶¶ 7-8.) Furthermore, the defaulting defendants have not appeared or answered the complaint in this action, and no prejudice to them has been caused by counsel for plaintiffs' mistake. Thus, the Court determines that plaintiffs have sufficiently shown good cause for failure to act sooner, supported their motion for the correction of investigator's fees with highly convincing evidence, and shown that a grant of the motion will not impose an undue hardship on the other parties. *See Hemric*, 2001 WL 118561, at *4. Indeed, this is not a case where counsel made a conscious, strategic decision regarding this issue, *see, e.g., United States v. Kirksey*, 631 F. Supp. 165, 168 (S.D.N.Y. 1986) ("A conscious tactical decision does not fall within the meaning of neglect or inadvertence of counsel, and does not warrant Rule 60(b) relief."), or where counsel argues that his mistake was due to an ignorance of court rules or the law. *See Nemaizer*, 793 F.2d at 62 ("[W]e have consistently declined to relieve a client under subsection (1) [of Rule 60(b)] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.").

Under these circumstances, the Court finds that counsel for the plaintiffs' error constituted mistake, inadvertence and/or excusable neglect and, pursuant to Fed. R. Civ. P. 60(b)(1), grants plaintiffs' motion for modification of the Court's order adopting the R&R. *Compare, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (denying Rule 60(b)(1) relief where the movant had failed to offer *any* justification for his failure to raise an indemnification of attorney's fees issue before the magistrate judge) *with O'Tell v. New York, N.H. & H.R. Co.*, 236 F.2d 472, 474-75 (2d Cir. 1956) (holding that defendant was entitled to Rule 60(b)(1) "relief from [an] incomplete judgment on the ground of mistake and inadvertence" where the parties had failed to raise at trial the proposition that settlement monies paid earlier to the plaintiff should be deducted from the jury's award of damages).

However, the additional total amount of investigator's fees, which is $7,950, should be divided by twenty-two, rather than fifteen, as counsel for the plaintiffs suggests. As Magistrate Judge Boyle correctly noted in his R&R, the expenses associated with the investigation should be divided equally among all the defendants, not only the defaulting ones. (*See* Report and Recommendation, dated September 3, 2008, at 5.) Thus, each defaulting defendant's share of this additional award is $361.36.

Accordingly, the Court modifies its prior order, which ordered that judgment be entered against the defaulting defendants as set forth in the R&R, pursuant to Fed. R. Civ. P. 60(b). IT IS HEREBY ORDERED that the order is modified to reflect the following award to plaintiffs of attorney's fees and costs in the total amount of $44,083.40, as allocated amongst the defaulting defendants:

(1) $2,860.56 against Mamdour H. Nasr; (2) $2,860.56 against William P. Doorley;

(3) $2,860.56 against Saturn Oil Distribution Corp.; (4) $2,860.56 against Ioannis Vrouvakis; (5) $2,860.56 against D. Markantonatos; (6) $2,860.56 against Vasil Konstantakakos; (7) $2,860.56 against Gus Anthony Toufus; (8) $2,900.56 against 23 Street Enterprises, Inc.; (9) $2,900.56 against Softy Boys, Inc.; (10) $2,900.56 against D Z T Co., Inc.; (11) $2,900.56 against Fraggles Frosty, Inc.; (12) $2,900.56 against DT Softee, Inc.; (13) $2,900.56 against Nia Demo, Inc.; (14) $2,900.56 against Roc 1219 Corp.; and (15) $3,755.56 against Super Softee Express Corp.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2009
Central Islip, NY